**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4670**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTT CHRISTOPHER HOWE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge.  (1:09-cr-00510-LMB-1)

Submitted:  January 21, 2011          Decided:  March 4, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Marvin D. Miller, LAW OFFICE OF MARVIN D. MILLER, Alexandria, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Gerald J. Smagala, Assistant United States Attorney, Jeffrey H. Zeeman, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Scott Christopher Howe was found guilty of three counts of exploiting a minor child for the purpose of producing a visual depiction of that exploitation, the production of which was accomplished using materials that had been transported in and affected interstate, in violation of 18 U.S.C.A. § 2251(a) (West 2000 & Supp. 2010). Howe was sentenced to 210 months' imprisonment.

Prior to trial, Howe moved to dismiss the indictment, arguing Congress exceeded its authority under the Commerce Clause in enacting § 2251(a). Howe also lodged a multi-prong attack on the admissibility of evidence seized from his home. The district court's denial of these motions is the subject of this appeal.[1] For the reasons that follow, we affirm both orders, although we affirm the order denying the motion to suppress on modified grounds.

I.

Taken in the light most favorable to the Government, United States v. Lewis, 606 F.3d 193, 195 n.1 (4th Cir. 2010), the evidence presented at the hearing on Howe's motion to suppress established the following facts. At approximately 3:30

---

[1] Howe does not appeal his 210-month sentence.

p.m., on the afternoon of August 11, 2009, Corporal Sean Healy of the Fauquier County Sheriff's Office was dispatched to a single family residence in Bealeton, Virginia. There, Healy met the owners of the property, the Cottrells, who informed Healy that they had recently rented the property to Howe. While in the course of performing maintenance on the pool, the Cottrells noticed what they suspected to be marijuana plants growing on the deck,[2] and called the police.

The Cottrells escorted Healy onto the property to allow him to view the plants. According to Healy, he could not see the plants until he walked beyond the deck area. Healy concurred in the Cottrells' assessment that they were marijuana. Deputy Sheriff Steve Lewis was next to arrive on the scene, followed shortly thereafter by Howe.

Healy approached Howe's truck alone to speak with him. Healy informed Howe of what he had found, and explained that, in his experience, other evidence of drug activity is usually located inside a premises where marijuana is cultivated. At this point, Howe offered to allow the officers to search the house, and he executed a written consent form.

---

[2] It is undisputed that the deck was connected to the house via a sliding glass door.

Howe advised the officers that there was a handgun in his bedroom. In the course of securing that weapon, the officers observed computers, a digital camera, boxer shorts, and personal lubricant on the floor of Howe's bedroom. Suspicions aroused, Healy instructed Lewis to ask Howe if there was any illegal content on this equipment. Upon prompting by Lewis, Howe initially admitted to possessing adult pornography, but he quickly added that the recordings depicted him and his fifteen year-old boyfriend engaged in various sexual acts. Healy then spoke with Howe, who confirmed that the videos were of sexual acts between him and a male. Neither Lewis nor Healy questioned Howe any further or viewed the recordings.

In its written memorandum denying the motion to suppress, the district court first rejected Howe's argument that Healy had illegally entered the curtilage of his property. The district court concluded that the Cottrells were on the property for the permissible reason of performing maintenance. Thus, the court found it was reasonable for Healy to believe that they had the authority to grant him entrance as well. The district court further opined that Howe's consent to the search of the house was knowing and voluntary, under the totality of circumstances, and thus valid.

II.

On appeal, Howe first argues that the district court erred, as a matter of law, in finding Healy reasonably relied on the Cottrells' invitation onto the property to justify his warrantless entry. This court reviews the district court's legal determinations in its adjudication of a suppression motion de novo and findings of fact for clear error. United States v. Hernandez-Mendez, 626 F.3d 203, 206 (4th Cir. 2010).

The Fourth Amendment prohibits unreasonable searches; a search conducted without a warrant is per se unreasonable unless it falls within a valid exception to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). As the district court properly concluded, the area of the backyard that Healy entered to view the marijuana plants was within the curtilage of the rented property, and absent exigent circumstances, a warrantless search of curtilage is prohibited. United States v. Van Dyke, 643 F.2d 992, 993-94 (4th Cir. 1981). Because it is clear that there were no exigent circumstances here, the issue is whether the Cottrells had the authority to permit Healy's entrance.[3]

---

[3] As the district did, we note that the Cottrells lacked actual authority to consent to a warrantless search of the rented property. See United States v. Matlock, 415 U.S. 164, 171 & n.7 (1974).

5

The apparent authority doctrine allows the admission of evidence obtained via third-party consent so long as the information known to the officer at the time consent was given supports a reasonable basis to believe the individual had the authority to consent to the search. Illinois v. Rodriguez, 497 U.S. 177, 188 (1990); see United States v. Buckner, 473 F.3d 551, 555 (4th Cir. 2007). As a matter of law, "a landlord may not give the police consent to a warrantless search of a rented apartment or room." United States v. Stevenson, 396 F.3d 538, 546 (4th Cir. 2005); see Chapman v. United States, 365 U.S. 610, 616-17 (1961). The record clearly establishes that Healy knew the Cottrells were the landlords of the property, which they had rented to Howe. Accordingly, the apparent authority doctrine does not cure Healy's mistake of law in concluding the Cottrells had the apparent authority to authorize his warrantless entry onto the curtilage of the rented property.

Despite our disagreement with the district court on this threshold issue, we nonetheless affirm the denial of Howe's motion to suppress, because Howe's consent to search his home purged the taint of the unlawful initial search. The Supreme Court has authorized the admission of evidence that is the product of an unlawful search or seizure so long as the connection between the unlawful conduct of the police and the acquisition of the evidence is so attenuated as to purge the

6

evidence of the primary taint. Wong Sun v. United States, 371 U.S. 471, 487-88 (1963). To determine whether the taint of an illegal search has been purged, we evaluate: (1) the length of time between the illegal act and the seizure of evidence; (2) whether there were intervening circumstances; and (3) the gravity, flagrancy, and reason for the police misconduct. United States v. Seidman, 156 F.3d 542, 548 (4th Cir. 1998) (citing Brown v. Illinois, 422 U.S. 590, 603-04 (1975)). Our analysis of these factors in this case leads us to conclude that the taint of Healy's illegal entrance was purged.

First, a considerable period of time — more than seven hours — elapsed between Healy's entry onto the curtilage and the seizure of evidence related to child pornography. There was also a significant period of time between Healy's entry and his request for consent to search. Further, Howe's voluntary consent to the search of his home was an intervening act of free will.[4] See id. at 549 & n.10 (holding, albeit in dicta, that consent to further police interaction is sufficient to "sever the connection between an unlawful act and the acquisition of additional evidence"). Finally, Healy's warrantless entrance onto the curtilage of Howe's property, while unlawful, was

---

[4] We note that Howe does not challenge the voluntariness of his consent on appeal.

7

neither flagrant nor offensive.  Id. at 550.  Accordingly, we affirm the district court's denial of the motion to suppress, although on modified grounds.


                              III.

          Howe next argues the district court erred in denying his motion to dismiss the indictment, which was predicated on his challenge to the constitutionality of § 2251(a).  This argument challenges Congress' authority to criminalize the use of an instrument that traveled in or affected interstate commerce in the production of intrastate child pornography.

          The district court properly concluded that this argument is foreclosed by Circuit precedent.  See United States v. Malloy, 568 F.3d 166, 179-80 (4th Cir. 2009), cert. denied, 130 S. Ct. 1736 (2010); United States v. Forrest, 429 F.3d 73, 78-79 (4th Cir. 2005).  One panel of this court may not overrule the precedent set by a prior panel.  Barbour v. Int'l Union, 594 F.3d 315, 321 (4th Cir. 2010).  Accordingly, we affirm the denial of Howe's motion to dismiss the indictment.


                              IV.

          For the foregoing reasons, we affirm the district court's order denying the motion to dismiss, and we affirm the district court's order denying the motion to suppress on

modified grounds. See United States v. Smith, 395 F.3d 516, 518-19 (4th Cir. 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED